STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. CHARLES P. SCHAFER, RESPONDENT.

418 N.W.2d 228

Filed January 22, 1988. No. 87-455.

Donald L. Knowles, Special Prosecutor, for relator.

Charles P. Schafer, pro se.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an original disciplinary proceeding against Charles P. Schafer, an attorney admitted to practice law in Nebraska.

On January 22, 1986, the Counsel for Discipline of the Nebraska State Bar Association received a letter of complaint against the respondent from Galen Sharp, manager of Money Express Co., Inc. On January 23 the respondent received notice that he was the subject of this complaint from the Counsel for Discipline, pursuant to Neb. Ct. R. of Discipline 9(D) (rev. 1986). On February 20, the Counsel for Discipline received another letter of complaint against the respondent, this time by Charles L. Howle. The respondent was notified of this complaint in the same manner. Each letter of notification from the Counsel for Discipline informed the respondent that pursuant to rule 9(E), he had 15 working days to respond to the complaint and that failure to respond alone could be grounds for discipline. In a letter dated April 25, 1986, the Counsel for Discipline notified the respondent that he had failed to file responses to the complaints of Charles L. Howle and Galen Sharp and that if he did not respond immediately charges would be filed with the district Committee on Inquiry.

Thereafter, the Counsel for Discipline forwarded charges to the Committee on Inquiry of the Second Disciplinary District. See rule 9(G). The Committee on Inquiry held a hearing on the matter on February 4, 1987. Having determined that there were reasonable grounds for discipline, the Committee on Inquiry prepared formal charges. See rule 9(H)(3)(h). After reviewing the record of proceedings before the Committee on Inquiry, the Disciplinary Review Board agreed that there were grounds for discipline and accordingly submitted and filed with this court the formal charges. See rule 9(L).

The matter was referred to a referee, and a hearing was held on September 22, 1987. In his report the referee made findings of fact and law based upon all the evidence. No exceptions were filed to the report. Accordingly, the Nebraska State Bar Association, as relator, motioned for judgment pursuant to Neb. Ct. R. of Discipline 10(L) (rev. 1986). Rule 10(L) provides that this court, in its discretion, may consider the findings of the referee final and conclusive.

Count I of the formal charges alleges that the respondent received notice that he was the subject of a complaint written to the Counsel for Discipline by Galen Sharp and that the respondent failed to respond to this complaint. A portion of Count II alleges that the respondent also failed to respond to the complaint initiated by Charles L. Howle. Counts I and II further allege that the respondent's failure to respond to these matters constitutes a violation of his oath of office, the Supreme Court rules of disciplinary proceedings, and Canon 1, DR 1-102(A)1 and 6, of the Code of Professional Responsibility. Rule 9(E) requires, in relevant part, that

> [u]pon receipt of notice of a complaint from the Counsel for Discipline, the member against whom the complaint is directed shall prepare and submit to the Counsel for Discipline, in writing, within fifteen working days of receipt of such notice, an appropriate response to the complaint, or a response stating that he refuses to answer substantively and explicitly asserting constitutional or other grounds therefor.

Neb. Ct. R. of Discipline 3(B) (rev. 1986) provides: "Acts or omissions by a member . . . which violate . . . provisions of these Rules, shall be grounds for discipline . . . ."

The respondent admitted that he did not respond to the complaints within the time required by rule 9(E). In his defense he testified that he did later respond to both complaints in separate letters and that he also had a meeting with Dennis Carlson, Counsel for Discipline, on the matter. Dennis Carlson, on the other hand, testified that, as of the time of the hearing, he had not received a written response to the complaints. No records were produced by the respondent in support of his contention that responses were sent. On these facts the referee found that the respondent did not timely file written responses to the complaints with the Counsel for Discipline as required by rule 9(E).

Count II of the formal charges alleges in relevant part as follows:

> 2. That on or about March 19, 1985, Charles L. Howle retained the Respondent to prepare Mr. Howle's personal and business tax returns for 1984. That the Respondent

agreed to complete the returns within two to three weeks.

3. That Mr. Howle on May 22, 1985, and May 30, 1985, requested information from the Respondent regarding the status of his personal and business tax returns for 1984. That after May 30, 1985, Mr. Howle made additional requests to the Respondent regarding the status of the returns.

4. That the Respondent failed to complete said returns or provide a satisfactory explanation regarding the delay in completing the returns.

5. That on or about November 7, 1985, and again on November 27, 1985, Mr. Howle requested the return of his tax records and data which had been provided to the Respondent.

6. That Mr. Howle has not received his tax records from the Respondent.

Count II further charges that these actions are in violation of Canon 6, DR 6-101(A)3 and Canon 7, DR 7-101(A)2, of the Code of Professional Responsibility. DR 6-101(A)3 states that a lawyer shall not neglect a legal matter entrusted to him. DR 7-101(A)2 states that a lawyer shall not intentionally "[f]ail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105."

The respondent admits that for various reasons he did not complete the returns. In his answer to this charge the respondent alleges that the tax records had been returned to Howle. In support of this contention the respondent testified that he returned the records in July or August of 1985. He also testified that he sent the materials with a handwritten note and that he probably had not kept a copy of it for his own files. The respondent blamed a part-time secretary whom he and his partner employed at the time for not sending the materials by certified mail. The respondent has previously testified, however, that at this time in 1985 he was no longer with his partner. The respondent was unable to produce any evidence other than his own testimony that he did in fact mail the material. In an affidavit dated May 12, 1986, Charles L. Howle stated that he had not received the tax records from the

respondent.

The referee noted the respondent's inconsistent testimony, the lack of documentary evidence, and the contradictory testimony of the complainant, Charles L. Howle, and found that the tax records were not timely returned as required under DR 6-101. Further, the referee found that the respondent failed to perform the services requested in a timely manner prior to his withdrawal as required by DR 7-101.

Count III of the formal charges alleges that the respondent engaged in the unauthorized practice of law after having been suspended for failure to pay bar dues in violation of DR 1-102 and Canon 3, DR 3-101(B), of the Code of Professional Responsibility.

On May 23, 1986, the respondent received a letter from the Clerk of the Supreme Court which advised him that he had not paid his dues and that if he did not pay by June 8, 1986, he would be automatically suspended. The respondent testified before the Committee on Inquiry that he paid his dues on approximately June 14 by sending a money order to the State Bar Association. In his answer to the formal charges, the respondent alleged that he paid the dues by a cashier's check rather than by money order. In his testimony before the referee the respondent stated that he paid his dues sometime after July 10, 1986, which was when he received a second letter from the Clerk of the Supreme Court informing him that his license to practice law had been suspended for failure to pay annual dues for 1986. The respondent was not able to produce any documentary evidence that he mailed his 1986 dues either by money order or cashier's check to the bar association. The respondent testified that after he received the suspension letter of July 10, 1986, he called the bar association and "they said just pay your dues and it's an automatic reinstatement." Article III, § 5, of the Rules Creating, Controlling and Regulating Nebraska State Bar Association (rev. 1981), to which the respondent was alerted in the first letter from the Clerk of the Supreme Court, states in relevant part that "[w]henever a member suspended for nonpayment of dues shall make payment of all arrears, and shall satisfy the Supreme Court of his qualifications to then return to the active practice of law, he

shall be entitled to reinstatement, *upon request*." (Emphasis supplied.) It is uncontroverted that the respondent engaged in the practice of law after his suspension.

The referee found that the respondent "did not exercise even minimum caution and prudence to make sure the Bar Association received his 1986 dues that Respondent claims to have mailed." The referee further found that it was the respondent's responsibility to know whether the suspension order had been revoked. On these facts the referee found that the respondent was guilty as charged of engaging in the unauthorized practice of law.

Pursuant to rule 10(L), the findings of the referee are accepted as final and conclusive. It is therefore the judgment of this court that the respondent, Charles P. Schafer, be and hereby is suspended from the practice of law for a period of 1 year, effective immediately.

JUDGMENT OF SUSPENSION.